UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| RUTH AMY MOORE, | : |
| --- | --- |
| Plaintiff, | : |
| v. | : File No. 1:11-cv-286-jgm |
| CALEDONIA CENTRAL SUPERVISORY UNION and DANVILLE SCHOOL, | : |
| Defendants. | : |

RULING ON MOTIONS TO DISMISS AND TO WITHDRAW
(Docs. 3, 5)

I. INTRODUCTION

Defendants Caledonia Central Supervisory Union and Danville School move to dismiss the complaint filed by Ruth Amy Moore. (Doc. 3.) Moore commenced this action, after receiving a right to sue letter from the Equal Employment Opportunity Commission (EEOC), alleging multiple claims regarding her employment by Defendants in November 2011. (Doc. 1.) Moore opposes the motions. (Doc. 6.) Moore moves the Court to allow her counsel, Aaron R. Melville, to withdraw. (Doc. 5.) Defendants do not oppose the motion. For the reasons stated below, Defendants' motion is denied and Plaintiff's motion is granted.

II. BACKGROUND

In April 2010, Plaintiff filed a complaint alleging discrimination with the EEOC. (Docs. 1 ¶ 64; 6 at 1.) In a letter dated August 24, 2011, the EEOC granted Plaintiff the right to sue within ninety days of her receipt of the notice. (Doc. 1-1 (Ex. to Compl.).) This action followed, with Plaintiff filing a complaint on November 23, 2011, at the tail end of the allowed ninety-day period. Five days later, waivers of service as to Defendants were issued. See Nov. 28, 2011 Dkt. Entry.

The case was dormant until a May 11, 2012 Order requesting proof of service by May 25, 2012, or the case would be dismissed. (Doc. 2.) The Order, while filed in Plaintiff's case and

bearing her case number, listed her husband's name in the case caption. He had also commenced an action against the same Defendants. See Moore v. Caledonia Cent. Supervisory Union, No. 1:11-cv-276 (Nov. 23, 2011). No proofs of service were filed.

On June 15, 2012, Defendants filed a notice of limited appearance and a motion to dismiss Plaintiff's case for insufficiency of service of process. (Doc. 3.) Plaintiff opposed the motion (Doc. 6) and filed the motion for her counsel to withdraw (Doc. 5) on July 16, 2012. The next day, the Court issued a corrected Order with Plaintiff's name as well as case number requiring proof of service by July 30, 2012. (Doc. 7.) On July 30, Plaintiff filed proofs of service demonstrating service on Danville School on July 27, 2012 (Doc. 8), and on Caledonia Central Supervisory Union on February 27, 2012 (Doc. 9). The proof of service on Caledonia was corrected on August 13, to reflect service occurred on July 27, 2012. (Doc. 11.)

On August 14, 2012, Defendants filed a notice of appearance and answer to the complaint. (Doc. 12.) The affirmative defenses listed in the complaint do not include insufficiency of service of process. See id. at 9.

III.  DISCUSSION

Federal Rule of Civil Procedure 12(b)(5) allows a defendant who has not been properly served to file a motion to dismiss for "insufficiency of process." Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4 governs federal service of process and (1) requires service be performed within 120 days after the complaint is filed and (2) provides for extensions of the time in which service may be effected. Id. 4(m). Rule 4(m) requires an extension where a plaintiff shows good cause and the Second Circuit has held "district courts have discretion to grant extensions even in the absence of good cause." Zapata v. City of N.Y., 502 F.3d 192, 196 (2d Cir. 2007). The determination of whether good cause is present, and what if any extension may be appropriate, is

made in the Court's discretion. Id. at 197. The Second Circuit "owe[s] deference to [a] district court's exercise of discretion whether or not it based its ruling on good cause." Id.

Where good cause is absent, and dismissal without prejudice could effectively result in dismissal with prejudice due to a statute of limitations, the Second Circuit has held it "will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." Zapata, 502 F.3d at 197.

Here, the 120-day time limit of Rule 4(m) expired in March, and Plaintiff did not move to extend the time for service. She did not attempt any type of service until May, after a Court order. Though waivers were issued promptly after the complaint was filed, Plaintiff asserts she requested summonses as well which were not issued until after the deadline.[1] Plaintiff argues dismissal in this case would be overly harsh where a dismissal without prejudice may result in Plaintiff being unable to proceed against Defendants in light of the limited ninety-day right to sue from the EEOC. (Doc. 6 at 5-6.) Following the Court's corrected order regarding filing proof of service, Plaintiff promptly served Defendants. The Court notes Defendants were aware of Plaintiff's EEOC action and also received a copy of the complaint in this action when Plaintiff delivered waiver of proof of service forms to Defendants in May. See Doc. 3-1. Additionally, Defendants answered the complaint and did not include insufficiency of service of process as an affirmative defense.

The Court, in its discretion, denies Defendants' motion to dismiss the complaint (Doc. 3.) The Court grants nunc pro tunc a limited extension of the time to serve process through July 30, 2012.

---

[1] Summonses were issued in Plaintiff's husband's related case on February 9, 2012. See Moore v. Caledonia Cent. Sup. Union, No. 1:11-cv-276 (Nov. 23, 2011). The summonses in Plaintiff's case are dated May 25, 2012. See Docs. 8, 9.

3

Plaintiff moves for her counsel, Aaron Melville, to withdraw from her representation in this action. (Doc. 5.) She requests sixty days to secure new counsel. Id. at 2. The motion to withdraw is granted. Plaintiff shall file a pro se appearance or counsel shall enter an appearance for the Plaintiff on or before November 12, 2012.

IV. CONCLUSION

For the above reasons, Defendants' motion to dismiss the complaint for insufficiency of service of process (Doc. 3) is DENIED. Plaintiff's motion to withdraw (Doc. 5) is GRANTED. Plaintiff shall file a pro se appearance or counsel shall enter an appearance for the Plaintiff on or before November 12, 2012.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th day of October, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge