UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

RUTH AMY MOORE, :
:
    Plaintiff, :
:
v. : File No. 1:11-cv-286-jgm
:
CALEDONIA CENTRAL SUPERVISORY :
UNION and DANVILLE SCHOOL, :
:
    Defendants. :
_____ :

RULING ON MOTION TO DISMISS
(Doc. 18)

I.    INTRODUCTION

Defendants Caledonia Central Supervisory Union and Danville School move to dismiss the complaint filed by Ruth Amy Moore under Federal Rule of Civil Procedure 41(b) for lack of prosecution. (Doc. 18.) Moore commenced this action in November 2011, after receiving a right to sue letter from the Equal Employment Opportunity Commission (EEOC). She alleges multiple claims regarding her employment by Defendants. (Doc. 1.) Moore opposes the motion (Doc. 26), and Defendants have not replied in support of their motion. For the reasons stated below, Defendants' motion is denied.

II.    BACKGROUND

In April 2010, Plaintiff filed a complaint alleging discrimination with the EEOC. (Doc. 1 ¶ 64; Doc. 6 at 1.) In a letter dated August 24, 2011, the EEOC granted Plaintiff the right to sue within ninety days of her receipt of the notice. (Doc. 1-1.) This action followed, with Plaintiff filing a complaint on November 23, 2011, at the tail end of the allowed period.

The case was dormant until a May 11, 2012 Order requesting proof of service by May 25, 2012, or the case would be dismissed. (Doc. 2.) The Order, while filed in Plaintiff's case and

bearing her case number, listed her husband's name in the case caption. He had also commenced an action against the same Defendants. See Moore v. Caledonia Cent. Supervisory Union, No. 1:11-cv-276 (Nov. 23, 2011). No proofs of service were filed.

On June 15, 2012, Defendants filed a notice of limited appearance and a motion to dismiss Plaintiff's case for insufficiency of service of process. (Doc. 3.) On July 16, 2012, Plaintiff opposed the motion (Doc. 6) and filed a motion for her counsel to withdraw (Doc. 5). The next day, the Court issued a corrected Order with Plaintiff's name and case number requiring proof of service by July 30, 2012. (Doc. 7.) On July 30, Plaintiff filed proofs of service demonstrating service on Danville School on July 27, 2012 (Doc. 8), and on Caledonia Central Supervisory Union on February 27, 2012 (Doc. 9). The proof of service on Caledonia was corrected on August 13, to reflect service occurred on July 27, 2012. (Doc. 11.)

On August 14, 2012, Defendants filed a notice of appearance and answer to the complaint. (Doc. 12.) On October 10, 2012, the Court denied the motion to dismiss for insufficiency of service of process, exercising considerable discretion given the lengthy delay in serving Defendants, and granted the motion to withdraw, ordering Moore to file a pro se appearance, or counsel enter an appearance, by November 12, 2012. (Doc. 13.) Moore filed a pro se appearance one day late, on November 13. (Docs. 14-15.) The document was undated but the certificate of service was dated November 9. She also moved for sixty days to secure new counsel. Id.

On November 23, 2012, Defendants filed an opposition to Plaintiff's motion for an extension and moved to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b). (Docs. 16-17.) Plaintiff did not respond to the motion which had not been properly served.[1] On February 12,

---

[1] The motion was served on Ms. Moore's prior counsel, though he was permitted to withdraw from the case in October, and was not served on Ms. Moore, though she had filed a pro se appearance.

2

2013, Defendants withdrew the November 23 Motion and filed a second motion to dismiss for failure to prosecute. (Doc. 18.) Counsel for plaintiff entered an appearance on February 14, 2013 (Doc. 19), and timely filed an opposition to the pending motion to dismiss for failure to prosecute (Doc. 26). Defendants have not filed a reply in further support of their motion.

III. DISCUSSION

The bar for granting dismissal for failure to prosecute is high, especially in pro se cases, though still at the discretion of the Court. The Court considers whether: (1) Plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008). No one factor is dispositive. United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

Though the first and third factors may weigh in favor of dismissal, Plaintiff has not been warned about the potential for dismissal. She is also now represented by counsel, whom the Court expects will advance this case with "no unreasonable delay from this point forward." See Doc. 26 at 1. Accordingly, Defendants' motion to dismiss for lack of prosecution (Doc. 18) is denied. The Court expects both parties to comply with the applicable federal and local procedural rules from this point forward.

IV. CONCLUSION

For the above reasons, Defendants' motion to dismiss the complaint for lack of prosecution (Doc. 18) is DENIED. The parties shall consult and file a proposed discovery schedule on or before May 10, 2013. See D. Vt. L.R. 26(a).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of April, 2013.

                                          /s/ J. Garvan Murtha
                                          Honorable J. Garvan Murtha
                                          United States District Judge